United States District Court

Eastern District of Louisiana

Thomas

v.                                    CIVIL ACTION NO. 2:03-cv-02269
                                           SECTION "R" (5)
Mobil Oil Corp

The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

(1) A list of all parties still remaining in this action;

(2) Copies of all pleadings, including answers, filed by those parties in state court; and

(3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, August 13, 2003.

By Direction of the Court

LORETTA G. WHYTE, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 AUG 12 PM 2: 39

LORETTA...
CLERK

MR. AND MRS. ADAM THOMAS, SR.,          C. A. NO.    03-2269
ANNA PERKINS, MR. AND MRS.
WILLIE CROMEDY, AND OTHERS              JUDGE:      SECT. R MAG. 5

VERSUS                                  MAGISTRATE JUDGE:

EXXON MOBIL CORPORATION AND
CHALMETTE REFINING, L.L.C.

## NOTICE OF REMOVAL

NOW COME Exxon Mobil Corporation ("Exxon Mobil") and Chalmette Refining, L.L.C. ("Chalmette Refining"), who remove this action on the following grounds:

1.

On July 15, 2003, a Sixth Supplemental and Amending Petition was filed against Exxon Mobil and Chalmette Refining in the Civil District Court for the Parish of Orleans, State of Louisiana, in that action bearing docket number 90-23370, Division F, entitled "*Mr. and Mrs. Adam Thomas Sr., Anna Perkins, Mr. and Mrs. Willie Cromedy, and Others vs. Mobil Oil Corporation, Calciner Industries, Inc. and Murphy O il U..S.A., Inc.*

2.

Exxon Mobil first received notice of the filing of the Sixth Amending Petition on July 16, 2003.

752414_1

___ Fee_____150.00
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because it is a civil action involving citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and No/xx ($75,000.00) Dollars, exclusive of interest and costs, although Exxon Mobil and Chalmette Refining deny any liability whatsoever.

4.

Although the original petition has been pending for more than one year, this Notice of Removal is timely. The Sixth Supplemental and Amending Petition seeks to add new claims arising out of eighty-eight (88) separate and distinct alleged releases from Defendants' Chalmette Refinery that were not included in the original petition, nor in the first, second, third, fourth, or fifth supplemental and amending petitions. The alleged releases enumerated in the Sixth Supplemental and Amending Petition range in date from November 4, 1997, through July 12, 2003. The Sixth Supplemental and Amending Petition so changed the nature of the action as to constitute a new and different suit, thereby giving rise to a new period for removing this action to federal court under 28 U.S.C. §1446(b). See, *Johnson v. Heublein, Inc.*, 227 F.3d 226 (5th Cir. 2000); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962 (7th Cir. 1982).

5.

Alternatively, this Notice of Removal is timely because equitable considerations in this case warrant an exception to the one-year limitation contained in the second paragraph of 28 U.S.C. §1446(b) – if such one-year limitation is applicable at all to this case. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). The equitable considerations present in this case include, but are not limited to, the following: (a) each of the eighty-eight (88) alleged separate releases could and should have been filed as a separate action, and each such action would have been removable to this Court; (b) Plaintiffs are improperly using the original Petition as a "holding suit" which they periodically supplement to add new and unrelated incidents, thus effectively denying to Exxon Mobil and Chalmette Refining the right of removal which would apply to each action if filed separately as it should be;  and (c) no substantive progress on the merits of the case has been achieved in the state court.

6.

Exxon Mobil is now, and was at the time the Sixth Supplemental and Amending petition was filed, a corporation formed under the laws of the State of New Jersey, with its principal place of business in the State of Texas. Therefore, Exxon Mobil is not now, nor was it at the time that plaintiff's Sixth Supplemental and Amending petition was filed, a citizen of the State of Louisiana.

7.

Chalmette Refining, L.L.C., is a limited liability company formed under Louisiana law whose members are Mobil Pipeline Co., Exxon Mobil Oil Corporation (formerly Mobil Oil Corporation), and PDV Chalmette, Inc.

8.

Mobil Pipeline Co. is now, and was at the time the Sixth Supplemental and Amending petition was filed, a corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Texas. Therefore, Mobil Pipeline Co. is not now, nor was it at the time that plaintiff's Sixth Supplemental and Amending Petition was filed, a citizen of the State of Louisiana.

9.

Exxon Mobil Oil Corporation is now, and was at the time the Sixth Supplemental and Amending petition was filed, a corporation formed under the laws of the State of New York, with its principal place of business in the State of Texas. Therefore, Exxon Mobil Oil Corporation is not now, nor was it at the time that plaintiff's Sixth Supplemental and Amending Petition was filed, a citizen of the State of Louisiana.

10.

PDV Chalmette, Inc., is now, and was at the time the Sixth Supplemental and Amending petition was filed, a corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Oklahoma. Therefore, PDV Chalmette,

Inc., is not now, nor was it at the time that plaintiff's Sixth Supplemental and Amending Petition was filed, a citizen of the State of Louisiana.

11.

Each of the named plaintiffs in this action is a citizen of the State of Louisiana.

12.

Therefore, complete diversity of citizenship exists.

13.

Exxon Mobil and Chalmette Refining show that the amount in controversy of this matter exceeds Seventy-Five Thousand and No/xx ($75,000.00) Dollars, exclusive of interest and costs, but deny any liability to the plaintiffs whatsoever.

14.

Plaintiffs claim they experienced the following injuries and damages (both past and future):

1.   Physical injuries, including discomfort, pain and suffering, burning eyes and throats, skin rashes, respiratory discomfort, nausea, headaches, aggravation of allergies and other pre-existing physical conditions;

2.   Past, present and future medical expenses;

3.   Significantly increased risk of contracting serious latent diseases, including, but not limited to, various cancers, heart disease and pulmonary disease, thus requiring expenses for periodic medical monitoring;

752414_1

- 5 -

4.     Psychological and emotional injuries including but not limited to depression, anxiety, and other recognized psychological maladies resulting from the severe inconvenience, change of lifestyles, and disruption of their personal and professional lives;

5.     Past, present, and continuing damage to real and personal property;

6.     Past, present and continuing loss of use and enjoyment of properties owned or leased;

7.     Real property devaluation;

8.     Past, present, and future loss of earnings, profits and business interruption losses; and

9.     Any and all other damages which plaintiffs and members of the class are legally entitled to.

15.

Plaintiffs also seek a "permanent injunction" to restrain and enjoin  Exxon Mobil and Chalmette Refining from "creating, generating, or causing" any "pollutants," "smoke," "flare releases," or "particulate materials" into the atmosphere.

16.

Plaintiffs also seek the recovery of exemplary damages "in an amount fair and adequate to sufficiently punish, prevent, and/or deter" Exxon Mobil and Chalmette Refining for further actions that cause injury.

17.

The action is a purported class action, and the plaintiffs also seek attorney's fees pursuant to La. C.C.P. art. 595.  This amount alone exceeds the minimum amount of controversy necessary to establish diversity jurisdiction.  *Grant v. Chevron Phillips Chemical Co., L.P.*, 309 F.3d 864 (5th Cir. 2002), *cert. denied*, 123 U.S. 1634, ___ U.S. _____, 155 L.Ed.2d 486 (2003).

18.

In light of the allegations in the petition, Exxon Mobil and Chalmette Refining show that the amount in controversy for the claims of the named class representatives exceeds Seventy-Five Thousand and No/xx ($75,000.00) Dollars, exclusive of interest and costs, although Exxon Mobil and Chalmette Refining deny liability to any of the plaintiffs whatsoever.

19.

In addition, pursuant to 28 U.S.C. § 1367(a), this Court shall exercise supplemental jurisdiction over the claims of any putative class members that do not independently satisfy the jurisdictional requirements of 28 U.S.C. § 1332.

20.

Exxon Mobil and Chalmette Refining are the only defendants in this  action, so no other parties need join in this Notice of Removal.

21.

Exxon Mobil and Chalmette Refining attach to this Notice of Removal a copy

of all process, pleadings, and orders that have been served on them to date in this action.

Respectfully Submitted:

Charles S. McCowan, Jr. (Bar Roll No. 9167)
Glenn M.  Farnet (Bar Roll No. 20185)
Alan J. Berteau (Bar Roll No. 17915)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (504) 387-0999

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been mailed via United States mail, first class, postage prepaid, to the following:

Allain F. Hardin
814 Howard Avenue
New Orleans, LA 70113
Telephone: (504) 522-1188

Gerald E. Meunier
2800 Energy Centre
New Orleans, LA 70163-2800
Telephone: (504) 522-2304

Sidney D. Torres
Roberta L. Burns
8301 W. Judge Perez Drive, Suite 303
Chalmette, LA 70043
Telephone: (504) 271-8422

T. Allen Usry
Usry, Weeks & Matthews
1717 St. Charles Avenue
New Orleans, LA 70130

Gilbert V. Andry, III
710 Carondelet St.
New Orleans, LA 70130
Telephone: (504) 581-4334

Baton Rouge, Louisiana this _12_ day of _August_, 2003.

752414_1                         - 9 -

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 90-23370   DIVISION "H"   Dec 5 1 : ?? 'to

MR. AND MRS. ADAM THOMAS, SR., ANNA PERKINS,
MR. AND MRS. WILLIE CROMEDY, AND OTHERS COURT

VERSUS

MOBIL OIL CORPORATION, CALCINER INDUSTRIES, INC.
AND MURPHY OIL, U.S.A., INC.

FILED: _____    _____
                                        DEPUTY CLERK

## CLASS ACTION PETITION FOR DAMAGES

Plaintiffs, Mr. and Mrs. Adam Thomas, Sr., Anna Perkins, Mr.
& Mrs. Willie Cromedy, and other individuals whose names will be
supplemented, all persons of the full age of majority, and
residents of the Parish of Orleans, State of Louisiana, who with
respect represent:

I.

That aforenamed plaintiffs are members of a class so numerous
as to make it impractical for all of them to join or be joined as
parties and that the character of the rights sought to be enforced
for the members of the class are common to all members, all in
accordance with Louisiana Code of Civil Procedure Article 591 et
seq.

II.

That the aforenamed plaintiffs represent that class of persons
who reside generally in the lower half of Algiers in the city of
New Orleans and who are affected by various activities, emissions,
and/or releases of substances from defendants' plants, including,
but not limited to noxious and disruptive odors, noise, bright
lights, and various types of particulate matter, all of which
result in plaintiffs experiencing physical, mental and emotional
injuries to their persons and causing damage to their property.

III.

That the following are made defendants herein:

1)   Mobil Oil Corporation, a foreign corporation, authorized
     to do and in fact doing business in this Parish and
     State;

980.1

2) Calciner Industries, Inc., a domestic corporation, with it's registered office in the Parish of Orleans, and authorized to do and in fact doing business in the Parish and State; and

3) Murphy Oil, U.S.A., Inc., a foreign corporation, authorized to do and in fact doing business in this Parish and State.

IV.

That the aforementioned defendants are liable jointly, severally, and in solido unto petitioners and the entire class, for the following, to wit:

V.

That the aforementioned defendants own and operate refining, chemical and/or processing plants in the Parish of St. Bernard, State of Louisiana, whose various activities, including, but not limited to, emissions and/or releases of substances, particulate matter, noxious odors, excessive noise, light, etc., individually and concurrently, cause injury and damages to plaintiffs and members of the class who reside in and have property in the Parish of Orleans.

VI.

That the aforementioned refining, chemical and/or processing facilities are located in close physical proximity to Algiers, Parish of Orleans, State of Louisiana directly across the Mississippi River.

VII.

That at all times pertinent hereto, defendants, Mobil Oil Corp., and Murphy Oil, U.S.A., Inc., owned, operated, maintained, managed and had custody and control of oil refineries, located in the Parish of St. Bernard, State of Louisiana, and which facilities have emitted substantial quantities of gases, liquid and/or particulate materials and odors into the atmosphere, which emissions have caused damage to a substantial number of persons and residents within the Parish of Orleans, State of Louisiana.

2

### VIII.

That at all times pertinent hereto, defendant, Calciner Industries, Inc. owned, operated, maintained, managed and had custody and control of a coke processing plant, located in the Parish of St. Bernard, State of Louisiana, and which facility has emitted substantial quantities of gases, liquid and/or particulate materials and odors into the atmosphere, which emissions have caused damage to a substantial number of persons and residents within the Parish of Orleans, State of Louisiana.

### IX.

The aforementioned defendants in the operations of their plants and auxiliary facilities have generated and disposed of large quantities of hazardous, toxic, noxious or solid pollutants into the air, which have been continuously emitted, discharged, released, or escaped from said plants such that they have caused damage to plaintiffs and members of the class as herein alleged.

### X.

That further, in the course of their respective operations, defendants have continuously created, generated, or caused noxious fumes and odors, smoke, light from flare releases, noise and particulate matter and other substances to be released from their facilities, thereby causing damage and injuries to plaintiff's persons and properties.

### XI.

That the emissions of defendants have a concurrent and combined effect upon the plaintiffs and constitute an invasion of plaintiffs' right to be free from harmful pollutants.

### XII.

That the physical injuries complained of herein are manifested by discomfort, pain and suffering, burning eyes and throat, shortness of breath, aggravation of allergies, as well as other manifestations. Further, as a result of physical exposure to odors and various types of particulate matter, plaintiffs and other members of the class reasonably believe they experience a significant risk of acquiring future illnesses or injuries,

980.3

SENT BY:Xerox Telecopier 7020 :12-31-90 :12:49PM ;  M&R O. G. C. FAIRFAX→      8504556021Q:# 7

including cancers.

### XIII.

The quality of plaintiff"s and members of the class daily lives has been disrupted by the aforementioned activities of the defendants.

### XIV.

That plaintiffs and the members of the class experience mental anguish and emotional upset at seeing their property damaged through the settling of obnoxious particulate matter on their residences, vehicles, plants, as well as other property.

### XV.

That plaintiffs and members of the class have experienced a decrease in their property values as a result of the activities of the defendants.

### XVI.

That plaintiffs and members of the class have suffered physical damage to their property requiring the expenditure of funds to replace, repair, and clean roofs, siding, vegetation, etc.

### XVII.

That plaintiffs and members of the class are required to spend significant time in cleaning and maintaining their property, both as tenants and as owners, in order to remove particulate matter. As a result they have suffered the loss of use and enjoyment of their properties.

### XVIII.

The action of the defendants create a nuisance and materially damage residents of Algiers. Plaintiffs and members of the class are entitled to the peaceful possession of their property. Further, they are entitled to be protected from unwarranted and significant intrusions in their life, which cause material damage or injury, decreases property values, and threatens the public health.

### XIX.

That the actions of the defendants, jointly or individually, constitute a trespass upon the persons and property of plaintiffs

980.4

SENT BY:Xerox Telecopier 7020 :12-31-90 :12:50PM :   M&R O.G.C. FAIRFAX→          85045660210;# 8

and members of the class.

### XX.

That the intrusion upon plaintiffs and members of the class include the loud noise, vibration, and disruption generated by an explosion at the Mobil plant, which occurred on or about November 4, 1990, resulting in plaintiffs and members of the class experiencing fear, mental anguish and upset as well as other damages.

### XXI.

That the defendants have under their exclusive control the operations of their plants and are obligated not to create or generate obnoxious and intrusive pollutants, odors, fumes, noise, light from flare releases, etc. to the detriment of persons and property in the geographic proximity to their plants.

### XXII.

That the damages complained of herein are caused by the negligence of defendants as a result of the non-exclusive actions and inactions on the part of the defendants, in the following non-exclusive particulars:

1) In emitting obnoxious odors;

2) In emitting particulate matter;

3) In causing excessive noise;

4) In causing excessive light at night as a result of flaring;

5) In failing to properly monitor and control chemical and particle emissions;

6) In polluting the air;

7) In failing to properly dispose of hazardous pollutants;

8) In failing to properly monitor plant operations;

9) In failing to warn persons affected of the health hazards created;

10) In failing to prevent environmental damages;

11) Any and all other acts of negligence either through commission or omission which may be shown at the time of trial.

980.5

SENT BY:Xerox Telecopier 7020 ;12-31-90 ;12:51PM ;   M&R O.G.C. FAIRFAX→          85045660210;# 9

### XXIII.

That this action is brought pursuant to Louisiana Civil Code Articles 667, 668, 669, 2315, 2315.3, 2316, 2317, 2320, 2322 and 2324.

### XXIV.

That the defendants operations constitute ultra hazardous activities making defendants strictly liable unto plaintiffs and members of the class.

### XXV.

That the actions of defendants either individually or jointly constitute such an invasion of the rights to property of the persons involved so as to constitute a taking without just compensation.

### XXVI.

Petitioners and members of the class seek herein the issuance of a permanent injunction in favor of the plaintiffs and members of the class and direct it to the defendants, restraining and enjoining the defendants from creating, generating, or causing noxious fumes and odors, pollutants, smoke, flare releases, excessive noise, excessive light at night, and the release of particulate materials into the atmosphere.

### XXVII.

That plaintiffs and members of the class seek the following, non-exclusive, items of damages, both past and future:

1) Damages for injury to property;

2) Damage for personal injuries and aggravation of pre-existing physical conditions;

3) Damages for diminution of property values;

4) Mental anguish for injury to person and property;

5) Mental anguish for fear of future physical injury, including various cancers;

6) Damages for disruption of daily life;

7) Damages for decrease of life's enjoyment;

8) Damage for inconvenience;

9) Damages for expenses incurred in cleanup and repair;

6

*980.6*

10)   Compensation for time in cleaning and repairing damage
      to property;

11)   Medical expenses, for treatment of physical injuries and
      aggravation of pre-existing conditions;

12)   Damage for emotional distress;

13)   Cost of medical surveillance;

14)   Any and all other damages, which plaintiffs and members
      of the class are legally entitled to.

XXVIII.

That the damages herein claimed exceed TWENTY THOUSAND
($20,000.00) AND NO/100 DOLLARS.

XXIX.

Further, should the evidence establish that the defendants'
actions constitute a wanton and reckless disregard for public
safety in the storage, handling or transportation of hazardous or
toxic substances, then plaintiffs and members of the class are
entitled to and seek exemplary damages, in an amount fair and
adequate to sufficiently punish, prevent and/or deter the
defendants from further actions that cause injury.

XXX.

That this is a class action instituted pursuant to the
provisions of Article 591, et seq of the Louisiana Code of Civil
Procedure by plaintiffs and others as members of the class of all
persons residing or maintaining a residence in the Algiers section
of the Parish of Orleans, State of Louisiana, and who have
sustained damages or may incur damages in the future arising out
or resulting from the activities of the defendants as set forth
herein above.

XXXI.

That plaintiffs appear herein individually and as
representatives of over six hundred persons who have authorized the
filing of this action against the defendants for the damages set
forth herein above. Said persons have a common character among the
rights sought to be enforced and are situated so as to provide
adequate representation for unnamed class members. Further, the

980.7

SENT BY:Xerox Telecopier 7020 :12-31-90 :12:54PM :   M&R C. G. C.  FAIRFAX→          85045660210;#11

great majority of the unnamed class members have no substantial interest in individually controlling the prosecution of this action and appear as a class for that reason.    Finally, under the applicable provisions of the law, the class action is a superior method by which to litigate the claims asserted herein. Accordingly, plaintiffs pray that the class be certified.

XXXII.

That petitioners pray for and are entitled to trial by jury.

WHEREFORE, plaintiffs pray that this petition be deemed good and sufficient and that after all legal delays and due proceedings are had that there be judgement rendered herein in favor of plaintiffs, Mr. and Mrs. Adam Thomas, Anna Perkins, Mr. & Mrs. Will Cromedy, and all other persons authorizing this cause of action and all persons deemed to be members of the class and against the defendants, Mobil Oil Corporation, Murphy Oil, U.S.A., Inc., and Calciner Industries, Inc., jointly, severally, and in solido decreeing a permanent injunction enjoining defendants from injuring plaintiffs in any fashion and for damages in an amount fair and adequate to justly compensate petitioners herein for their damages as set forth herein above and for a further award of exemplary damages should the evidence establish wanton and reckless conduct on the part of the defendants, and for all general and equitable relief appropriate under the circumstances.    Plaintiffs further pray for trial by jury.

RESPECTFULLY SUBMITTED:

FRANSEN & HARDIN

BY: _____
A. REMY FRANSEN, JR. #5827
ALLAIN F. HARDIN BAR #6538
Attorney for Petitioners
650 Poydras Street
Suite 2030
New Orleans, Louisiana 70130
Telephone:  (504)522-1188

<u>PLEASE SERVE</u>:

MOBIL OIL CORPORATION
Through it's Agent for
  Service of Process
Victor A. Sachse III
1 American Place

<u>PLEASE SEE NEXT PAGE</u>

8

980.8

SENT BY:Xerox Telecopier 7020 ;12-31-90 ;12:55PM ;   M&R C.G.C. FAIRFAX→          85045660210;#12

23rd Floor
Baton Rouge, Louisiana  70821

CALCINER INDUSTRIES, INC.
Through it's Agent for
 Service of Process
Mark A. Fullmer
201 St. Charles Avenue
35th Floor
New Orleans, Louisiana  70170

MURPHY OIL, U.S.A., INC.
Through it's Agent for
 Service of Process
C.T. Corporation Systems
601 Poydras Street
New Orleans, Louisiana  70130

A TRUE COPY
J. Butler

980.9

SENT BY:Xerox Telecopier 7020 :12-31-90 :12:55PM ;   M&R O.G.C. FAIRFAX→          85045660210;#13

CIVIL DISTRICT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO._____ DIVISION_____ DOCKET NO._____

MR. AND MRS. ADAM THOMAS, SR., ANNA PERKINS, MR. AND MRS.
      WILLIE CROMEDY, AND OTHERS
                     VERSUS

MOBIL OIL CORPORATION, CALCINER INDUSTRIES, INC.
      AND MURPHY OIL, U.S.A., INC.

FILED_____ _____
                                    Deputy Clerk

### J U R Y   O R D E R

    Let there be a trial by JURY upon applicant for jury
trial depositing in the registry of the court the sum of
$192.00 for each day the court estimates the trial will last,
the said deposit to be made on or before the date of trial,
prior to the commencement of the trial.

                              _____
                              (Sgd) Revius O. Ortique, Jr.
                              _____
                                      J U D G E

New Orleans, Louisiana

this__6__ day of _Dec._____, 19**90**

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED