


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MR. AND MRS. ADAM THOMAS, SR., ET AL | CIVIL ACTION |
| VERSUS | No. 03-2269 |
| EXXON MOBIL CORP., ET AL | SECTION: I/2 |

### ORDER AND REASONS

Plaintiffs, Mr. and Mrs. Adam Thomas, Sr., *et al.*, move this Court to remand this action to the Orleans Parish Civil District Court on the ground that defendants' removal of this action is untimely.[1] Defendants, Exxon Mobile Corporation and Chalmette Refining, L.L.C., oppose this motion, contending that the filing of plaintiffs' sixth amended petition gives rise to a new period for filing a notice of removal of this diversity action or, alternatively, that equitable considerations warrant an exception to the one year time limit for filing a notice of removal. 28 U.S.C. § 1446(b).[2] Additionally, defendants assert that plaintiffs have waived their right to move for remand by filing a motion in this Court requesting leave to amend the state court petition.[3] For the following reasons, plaintiffs' motion to remand this action is **GRANTED**.

### *BACKGROUND*

Plaintiffs filed a class action petition in state court on December 5, 1990, alleging various

---

[1] Rec. Doc. No. 4.

[2] 28 U.S.C. § 1446(b) provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

[3] Rec. Doc. No. 11.

state law claims against Mobile Oil Corporation[4] ("Mobile") and Murphy Oil, U.S.A. ("Murphy"), both of which are diverse corporations, and Calciner Industries, Inc. ("Calciner"), a non-diverse corporation.[5] The petition alleged that certain industrial facilities located in St. Bernard Parish, which were owned and operated by the defendants, emitted, *inter alia*, gases and odors which caused damage to the residents of Orleans Parish.[6] On January 4, 1991, Mobile removed this action asserting that one of the claims alleged constituted a "separate and independent" claim against it that provided a basis for removal pursuant to 28 U.S.C. § 1441(c).[7] On May 2, 1991, after a status conference with counsel, the court ordered plaintiffs to amend the petition by striking the "separate and independent" claim on which Mobile relied to remove the action.[8] On May 9, 1991, the court remanded the action due to a lack of diversity of citizenship.[9]

On July 1, 1998, plaintiffs filed a fourth amending petition in state court dismissing Murphy and Calciner from this litigation.[10] Consequently, Mobile was the sole defendant and the plaintiffs'

---

[4]Exxon Mobile Corporation is the successor to Mobile in this litigation. Rec. Doc. 11, at 1 n.1.

[5]Rec. Doc. No. 2, Attachments (hereinafter "State Ct. Rec."), at 2 (class action petition for damages, at ¶ III).

[6]State Ct. Rec., at 2 (class action petition for damages, at ¶¶ VII-VIII).

[7]State Ct. Rec. at 33 (notice of removal). In the 1991 notice of removal, Mobil asserted that plaintiffs had alleged a separate and distinct cause of action against Mobil for damages resulting from an explosion that occurred at the Mobil Oil Refinery in St. Bernard Parish on or about November 4, 1990. *See id* ; State Ct. Rec. at 5 (class action petition for damages, at ¶ XX). Prior to December 1, 1990, a "separate and independent" diversity claim provided a basis for removal of an entire case. *See* Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* 3d ("Wright") § 3724, at 6-9 (1998 & Supp. 2003)(tracing the development of 28 U.S.C. § 1441(c)).

[8]Rec. Doc. No.11, Ex. A, *Mr. and Mrs. Adam Thomas, Sr., et al., v. Mobile Oil Corp.*, 91-CV-68 (E.D.La)(Mentz, J.)(Rec. Doc. No. 19, minute entry dated May 2, 1991); *see* Rec. Doc. No. 1, first amending petition, at ¶ 1.

[9]Rec. Doc. No. 4, Ex. A, *Mr. and Mrs. Adam Thomas, Sr. et al. v. Mobile Oil Corp.*, 91-CV-68 (E.D.La)(Mentz, J.)(Rec. Doc. No. 23, minute entry dated May 9, 1991).

[10]State Ct. Rec., at 184 (fourth amending petition, at ¶¶ 1-2).

claims were limited to emissions associated with the oil refinery owned and operated by Mobile (the "Chalmette Refinery").[11] The fourth amending petition set forth 87 specific Chalmette Refinery emissions that the plaintiffs claimed exceeded permitted limits and caused damage.[12] These allegations encompassed the period from January 1, 1990, through February 27, 1997.[13]

On July 23, 1998, Mobil filed its second notice of removal.[14] Mobile argued that removal was appropriate because (1) there had not been substantial progress in the state court proceedings; (2) the fourth amending petition changed the basic legal theory of the case such that it should be considered the commencement of a new lawsuit; and (3) removal would not interrupt active litigation, relying on *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.*, 668 F.2d 962 (7th Cir. 1982).[15] In response to the second notice of removal, plaintiffs moved to remand the action on the ground that removal was barred by the one year time limit in 28 U.S.C. § 1446(b).[16] On October 7, 1998, the court remanded this action because the state court case had been pending for more than one year and the time limit in § 1446(b) was not subject to equitable considerations.[17]

On July 15, 2003, plaintiffs filed the sixth amending petition in state court, adding 88

---

[11] Chalmette Refining, L.L.C., a diverse limited liability company, was added to this litigation via the fifth amending petition. *See* Rec. Doc. No. 1, fifth amending petition, at ¶ 5. Plaintiffs alleged that during certain times relevant to this litigation, Chalmette Refining, L.L.C. owned and operated the Chalmette Refinery. *See id.*

[12] State Ct. Rec., at 185-87 (fourth amending petition, at ¶ 4.)

[13] *See id.*

[14] State Ct. Rec., at 189-195.

[15] State Ct. Rec., at 191, ¶ 5; § 1446(b).

[16] Rec. Doc. No. 4, Ex. B, *Mr. and Mrs Adam Thomas, et al. v Mobile Oil Corp.*, 98-CV-2153, at 1 (E.D.La)(Mentz, J.)(Rec. Doc. No. 20, Order and Reasons). 28 U.S.C. § 1446(b) provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

[17] Rec. Doc. No. 4, Ex. B, at 3.

allegations of specific Chalmette Refinery emissions, encompassing the period from November 4, 1997, through July 12, 2003, that the plaintiffs claimed exceeded permitted limits and caused damage.[18] On August 12, 2003, the defendants filed this third notice of removal which is the subject of the instant motion to remand.[19]

In support of removal, defendants reiterate the same arguments made in the second notice of removal, i.e., removal is appropriate because (1) the sixth amending petition so changed the basic legal theory of the case such that it should be considered the commencement of a new lawsuit; (2) there has not been substantial progress in the state court proceedings; and (3) removal will not interrupt active litigation, relying on *Johnson v. Heublein, Inc.*, 227 F.3d 236 (5th Cir. 2000).[20] In the alternative, defendants argue that if this action is subject to the one year time limit for filing a notice of removal, that time limit should be extended for equitable reasons, relying on *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). Finally, defendants contend that by filing a motion for leave to amend the state court petition in this Court, plaintiffs have waived their right to seek remand of this action.

---

[18]Rec. Doc. No. 1, sixth amending petition (attached to notice of removal), at ¶¶ 3, 4, & Ex. 1.

[19]Rec. Doc. No. 1.

[20]*Id.* at 3. Defendants argue that removal is appropriate because the sixth amended petition restarted the time limit for removal. Defendants assert that *Heublin,* decided after this action was remanded for the second time, provides a new basis for removing this action.
  *Heublein* does not provide any new basis upon which to remove this action. Rather, the *Heublin* case, now relied upon, and the *Wilson* case, relied upon in the second notice of removal, are simply two different cases applying the same rule, i.e., the "revival" exception to the 30-day time limit for removal of cases that were initially removable as filed. *See Heublein,* 227 F.3d at 241-42 (discussing *Wilson*); *Wilson,* 668 F.2d at 965. Moreover, the "revival" exception is not new to this Circuit; the Fifth Circuit has recognized the "revival" principle since 1956. *See Heublin,* 227 F.3d at 241-42 (citing *Cliett v. Scott,* 233 F.2d 269, 271 (5th Cir. 1956)).

4

## *LAW AND ANALYSIS*

A.   *Timeliness of Removal*

The time for filing a notice of removal is governed by 28 U.S.C. § 1446(b) which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

"In essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case." *Chapman v Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). The first paragraph of § 1446(b) applies to cases that are removable as initially filed; the second paragraph applies to cases which, although not initially removable, become removable at a later time. *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Chapman*, 969 F.2d at 161. If the case stated by the initial pleading is removable, then a notice of removal must be filed within thirty days from the defendant's receipt of the initial pleading. *Chapman*, 969 F.2d at 161. If the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an "amended pleading, motion, order or other paper" from which the defendant may ascertain that the case is removable. *Id.*; § 1446(b) ¶ 2.

5

In addition to the 30-day time limitation, cases that are not initially removable may not be removed more than one year after the commencement of the action. *Heublein*, 227 F.3d at 241 ("[T]he one-year limitation on removals applies only to the second paragraph of [§ 1446(b)], i.e. only to cases that are not initially removable)(citing *New York Life Ins. Co. v. Deshotel et al.*, 142 F.3d 873, 886 (5th Cir. 1993)); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389 (5th Cir. 2000) ("We have clearly held that the 'except' clause applies only to cases governed by the second paragraph of section 1446(b).")(citation omitted); *see also Cosse v. Apcoa Standard Parking Inc.*, 2002 WL 1339091, at *2 (E.D.La. June 18, 2002)(Barbier, J.). Accordingly, "[t]o determine whether the one year time limit applies, you must first determine whether the suit was initially removable." *Howell v. St. Paul Fire and Marine Ins. Co.*, 955 F.Supp. 660, 663 (M.D. La. 1997)(Polozola, J.).

This Court has already determined that this action was not initially removable due to a lack of diversity.[21] Accordingly, the timeliness of defendants' removal of this action is governed by the

---

[21] Rec. Doc. No. 4, Ex. B, *Mr and Mrs. Adam Thomas, et al v. Mobile Oil Corp.*, 98-CV-2153, at 2 (E.D.La)(Mentz, J.). Considering Mobil's second attempt at removal, the court stated that "[t]he case was not initially removable due to a lack of diversity." *Id.* Despite this statement, defendants assert that removal jurisdiction existed on the "separate and independent" diversity claim when this case was initially filed. Because that claim was dismissed by plaintiffs prior to the first remand, defendants contend that there has never been a judicial determination with respect to whether this case was initially removable.

On December 1, 1990, Congress enacted Public Law 101-650 which eliminated removal jurisdiction predicated on a separate and independent diversity claim. Pub. L. 101-650, 104 Stat. 5089, H.R 5316, § 312 (December 1, 1990)(codified as amended, 28 U.S.C. § 1441(c)); *Allsup v. Liberty Mutual Ins Co* , 782 F.Supp. 325, 327-28 (N.D.Tex. 1991)(noting that section 1441(c) "allows removal of otherwise nonremovable claims only when they are joined with a separate and independent federal question claim; it no longer applies when the linchpin for removal is a separate and independent diversity claim"); *see also* 14C Wright, § 3724, at 9 (noting that the 1990 amendment to § 1441(c) "eliminated the use of diversity of citizenship jurisdiction claims as the basis for removing claims under Section 1441(c)).

Also on December 1, 1990, the President of the United States signed Public Law 101-650. *See* Statement by President George Bush upon Signing H.R. 5316, 1990 U.S.C.C.A.N. 6958. Congress did not specifically designate an effective date for the amendment to § 1441. However, "[i]t is well-established that, absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment." *Gozlon-Peretz v. United States*, 498 U.S. 395, 404, 111 S. Ct. 840, 846, 112 L.Ed.2d 919 (1991)(citing *Robertson v Bradbury*, 132 U.S. 491, 493, 10 S. Ct. 158, 158, 33 L.Ed. 405 (1889); *Arnold v. United States*, 9 Cranch 104, 119-120, 3 L.ed 671 (1815); 2 N. Singer, Sutherland on Statutory Construction § 33.06, p. 12 (C. Sands 4th rev. ed. 1986)); *see also Hays and Co v Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 885 F.2d 1149, 1151 n.1 (3d Cir. 1989) ("Where no specific effective date is provided, the provision or statute becomes effective upon the date the president signs the bill.").

Accordingly, when plaintiffs initially filed this lawsuit in state court on December 5, 1990, defendants could

second paragraph of 1446(b) including the one year time limit stated therein. The one year time limit runs from the date the lawsuit is commenced which, in Louisiana, is the date the lawsuit is filed. *See* La. Code Civ. P. art 421; *Deshotel*, 142 F.3d at 885. This case commenced on December 5, 1990. The one year time limit expired on December 5, 1991. Therefore, defendants' notice of removal filed on August 12, 2003, almost thirteen years after the commencement of this action, is clearly untimely unless an exception to the one year time limit applies.

B.   *The "Revival" Exception Is Not an Exception to the One Year Time Limit*

Defendants argue that the time for filing its notice of removal began to run anew when the sixth amending petition was filed because the sixth amending petition so changed the nature of the lawsuit that it constitutes the commencement of a new lawsuit. For this proposition, defendants rely on the "revival" exception recognized and applied in *Heublein*, 227 F.3d at 241-43.

> The revival exception provides that a **lapsed right to remove an initially removable case** within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit.

*Id.* at 241 (emphasis supplied).

> The exception comes into play when the defendant **waives** his right to remove the initial complaint and the plaintiff amends her pleading to substantially change the nature of the action. Under those limited circumstances, the defendant's right to remove is "revived."

*Service Asset Mgmt. Co. v. Hibernia Corp.*, 80 F.Supp.2d 626, 630 (E.D.Tex. 2000)(Schell, C.J.)(emphasis supplied). The "revival" exception is an exception to the 30-day time limit applicable

---

not remove this action on the basis of the separate and independent diversity claim alleged in the original class action petition. It is undisputed by the defendants that complete diversity of citizenship did not exist with respect to the original petition. Additionally, defendants do not claim that there is a federal question present in this action. Therefore, this action was not initially removable pursuant to either 28 U.S.C. § 1441(a) (providing for removal of actions over which the federal courts have original jurisdiction) or (c) (providing for removal of actions when nonremovable claims are joined with a separate and independent federal question claim).

7

to cases that were initially removable and it is grounded in the idea that a defendant's waiver of a right to remove an initially removable case will not prevent that right from being revived when the plaintiff pleads an "entirely new and different cause of action . . . ." *Heublein*, 277 F.3d at 242 (citation omitted).[22]

In light of the Fifth Circuit's two-part construction of § 1446(b), the federal district courts in this Circuit have repeatedly rejected the argument that the revival exception, applicable to cases within the first paragraph, extends the one year time limit for filing a notice of removal set forth in the second paragraph. *See Cosse*, 2002 WL 1339091, at *2 ("[I]n the [*Heublin*] case the Fifth Circuit found that the case was originally removable in the first place so that it was not governed by the second paragraph of section 1446(b) or the one-year limitation."); *Rodriguez v. AcandS Inc.*, 2001 WL 333101, at *3 (E.D.La. April 4, 2001)(Vance, J.)("In *Heublein*, the court dealt with the first paragraph of § 1446(b) and found that the one-year limitation only applied to cases falling under the second paragraph of that section. . . . The clear implication of this holding is that if the one-year time limit had applied, the court would not have invoked revival."); *see also Service Asset Mgmt. Co. v. Hibernia Corp.*, 80 F.Supp.2d 626, 630 (E.D.Tex. 2000)(Schell, C.J.)(holding that "because the case was not initially removable, there can be no "revival" of a right to remove"). This Court agrees with those decisions and the reasoning therein. Accordingly, because this case was not initially removable and it is governed by the one year time limitation, the "revival" exception does not apply.

Further, the Court finds that the "revival" exception would not apply in any event because

---

[22]The *Heublein* Court applied the revival exception to a case that had been commenced more than one year prior to filing the notice of removal. *See Heublein*, 227 F.3d at 239. Significantly, prior to applying the "revival" exception in that case, the Fifth Circuit explicitly held that the one year time limit did not apply because the case was initially removable as filed. *See id.* at 241 ("[B]ecause the present case was removable upon its initial pleading, the Co-defendants' ultimate removal of this case is not governed by the second paragraph of § 1446(b) or its one-year time limitation.").

the allegations added in the sixth amending petition do not fundamentally alter the character or nature of this action. No parties were joined or dismissed by the sixth amending petition. Nor has there been any re-alignment of the existing parties to this action. Although the sixth amending petition broadens the time frame at issue in this litigation by adding a considerable number of allegations of specific emissions at the Chalmette Refinery, the nature of plaintiffs' claims, i.e. claims for damages arising from toxic emissions at the Chalmette Refinery, has remained unchanged since the filing of the fourth amending petition in 1998. Therefore, because defendants' notice of removal was filed thirteen years after the commencement of this action, defendants' notice of removal is untimely.

C.      *Tedford's Estoppel Exception to the One Year Time Limit*

In *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), the Fifth Circuit recognized an equitable exception to the one year time limit for filing a notice of removal. *Id.* at 427. In that case, Tedford and another plaintiff filed a complaint against two defendants, Warner-Lambert and a non-diverse physician, despite the fact than neither plaintiff could state a cognizable claim under Texas law against the non-diverse physician. *Id.* at 427. Tedford could not maintain a cause of action against the non-diverse physician because that physician had not treated Tedford, although the complaint had been drafted to suggest that the physician had treated Tedford. *Id.* at 424-45. In addition, Tedford filed her claim in an improper venue. *Id.* at 425. Upon Warner-Lambert's motion, the state court severed Tedford's claim and transferred her lawsuit to another venue. *Id.* Prior to entry of the state court order, and three hours after Warner-Lambert notified Tedford that it intended to remove the lawsuit to federal district court, Tedford amended her complaint to add her own treating physician who was also non-diverse. *Id.* Warner-Lambert removed the suit claiming that

both physicians were fraudulently joined. *Id.* The federal district court rejected the argument and remanded the action. *See id.* Without taking any discovery from her treating physician, Tedford signed and post-dated a notice of non-suit dismissing her treating physician from the litigation before the one year anniversary of the commencement of her action.[23] *Id.* Tedford did not notify Warner-Lambert of the non-suit until after the expiration of the one year anniversary. *Id.* Soon after learning of plaintiff's non-suit, and ten days after the expiration of the one year time limit for removal, Warner-Lambert removed the action to federal court. *Id.*

The Fifth Circuit ruled that because the time limits for removal are not jurisdictional, "[s]ection 1446(b) is not inflexible [] and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Id.* at 426. Considering the plaintiff's forum manipulation, the Fifth Circuit held that an equitable exception to the one year time limit in the form of estoppel could be applied in that case to extend the one year time limit. *Id.* at 427. The Court concluded that "[w]here a plaintiff has attempted to *manipulate the statutory rules for determining federal removal jurisdiction*, thereby preventing the defendant from exercising its right, equity may require that the one-year limit in § 1446(b) be extended." *Id.* at 428-29 (emphasis supplied).

The Fifth Circuit recognizes the doctrine of judicial estoppel which "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996). "The doctrine prevents internal inconsistency, precludes litigants from 'playing fast and loose' with the courts, and prohibits parties from deliberately changing positions based upon the exigencies of the

---

[23]Pursuant to Texas law, a "non-suit is a termination of the pleaded causes of action and asserted defenses without an adjudication of their merits that returns the litigants to the positions they occupied before the plaintiff invoked the court's jurisdiction." *Rexrode v Bazar*, 937 S.W.2d 614, 619 (Tex. App. 1997); Tex. R. Civ. P. 162.

10

moment." *Id.* (quoting *United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir.1993), *cert. denied,* 511 U.S. 1042, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994)). In *Tedford*, the plaintiff's conduct suggested that the claims against the non-diverse physicians were present in the lawsuit for the sole purpose of preventing removal until the expiration of the one year time limit. Accordingly, Tedford was estopped from taking an inconsistent position on remand by asserting that the presence of a non-diverse defendant in the lawsuit for over one year precluded removal.[24] In such circumstances, the Fifth Circuit reasoned, "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court . . . ." *Tedford*, 327 F.3d at 427.

Courts have applied *Tedford* and denied remand where a non-diverse defendant was named in the litigation and evidence suggested that there was no intention to pursue a bona fide claim against a non-diverse defendant, *see Brooks v. Am. Bankers Ins. Co. of Fla.*, 2003 WL 22037730 (N.D.Miss), or where the plaintiff's conduct suggested that a non-diverse defendant was present in the litigation for over one year as a strategy to defeat diversity. *See In re Rezulin Prods. Liab. Litig.,* 2003 WL 21355201 (S.D.N.Y.)(citing *Tedford* and applying an equitable exception where plaintiff non-suited the non-diverse defendant five days after the expiration of the one year time limit). The Court notes, however, that although the Fifth Circuit has recognized an equitable exception to the one year time limit, the general rule in this Circuit remains that removal jurisdiction is to be strictly construed as its application "deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997).

---

[24]Notably, the *Tedford* plaintiff argued that a plaintiff's motivation in joining a defendant are immaterial so long as the plaintiff asserts a cognizable claim against a non-diverse defendant. *See Tedford,* 327 F.3d at 428 n.13. Confronted with this argument, the Fifth Circuit stated that "[w]e cannot agree that [Tedford's] efforts to manipulate statutory rules are immaterial to our determination." *Id*

11

The Court finds that this case does not warrant the application of the *Tedford* exception. The one year time limit expired in this case on December 5, 1991. Plaintiffs did not dismiss the non-diverse defendant until July 1, 1998, via the fourth amending petition, six and one-half years after the expiration of the one year time limit. More importantly, both parties agree that plaintiffs' decision to dismiss the non-diverse defendant and plead allegations of specific instances of emissions at the Chalmette Refinery was a response to changes in *state* law governing the proper scope of a mass tort class action.[25] Defendants do not attempt to argue that the fourth or sixth amending petitions were attempts by plaintiffs to manipulate the citizenship of the parties for the purpose of running the one year time clock, as was the case in *Tedford*. Rather, defendants argue that because each specific emission alleged in the sixth amending petition could have been brought as a separate lawsuit, thereby allowing defendants to remove each claim to federal court, plaintiffs have engaged in forum manipulation and wrongfully deprived them of their right to a federal forum.

Defendant's reliance on *Tedford* is misplaced. Although plaintiffs' decision to plead the specific emissions in an amended petition, rather than as stand alone claims, has the effect of keeping this class action in state court, this effect is not caused by a manipulation of the citizenship of the parties or the manipulation of the time limit in § 1446(b). The crux of defendants' argument is that plaintiffs' additional allegations are improper because this action is beyond what constitutes a proper class action lawsuit. In substance, defendants objection is that plaintiffs have manipulated state joinder rules. However, absent manipulation of the *federal* rules governing the timing for

---

[25]Both parties agree that plaintiffs' decision to restructure the class action via the fourth amending petition to allege distinct emissions from only one industrial facility was a response to *Ford v. Murphy Oil, U.S.A., Inc*, 703 So.2d 542 (La. 1997), a parallel class action to this class action. In that case, the Louisiana Supreme Court denied class certification where plaintiffs alleged that they suffered harm because of a combination of unspecified releases from three of the same facilities that were initially the subject of this litigation. *See id.* at 544, 548-49.

removal of diversity actions or the citizenship of the parties, there is no equitable reason to estop plaintiffs from relying on § 1446(b) to assert the untimeliness of removal. Where, as here, the plaintiffs challenged conduct relevant to federal subject matter jurisdiction occurred long after the time limit for removal expired and plaintiffs' restructuring of the petition resulted from a change in *state* law, it cannot be said that plaintiffs have wrongfully manipulated federal statutory rules to prevent defendants from effecting a timely removal. Significantly, defendants do not suggest that Calciner, a non-diverse defendant initially joined in this action in 1990, was joined to prevent federal court jurisdiction. Nor do they suggest that the plaintiffs do not intend to pursue the claims stated in the sixth amending petition. Accordingly, because the Court finds that plaintiffs' conduct does not amount to a manipulation of federal law governing procedure for removal, there is no equitable reason present in this case to "disregard the unambiguous expression of Congressional intent when it enacted section 1446(b)." *Howell*, 955 F.Supp. at 662 (M.D. La. 1997).

D.   *Waiver of Right to Seek Remand*

Defendants' final contention is that plaintiffs have waived their right to seek remand by filing a motion for leave to file an eighth amending petition in this Court. The Fifth Circuit has held that "in certain circumstances a party may waive his right to have a case remanded even after a wrongful removal." *Johnson v. Odeco Oil and Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989). If a plaintiff "fails to object promptly to removal and 'participates in the conduct of that action,' then it is within the district court's discretion to determine whether the plaintiff's conduct amounts to a waiver of the right to remand." *Id.*(quoting *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 118 (5th Cir.1987)); *see In re Moore*, 209 U.S. 490, 495, 28 S. Ct. 585, 587, 52 L. Ed. 904 (1908)(holding that plaintiff consented to federal jurisdiction by failing to file a motion to remand, amending the petition and

stipulating to extensions of time for defendant to answer and continuance of trial); *Harris v. Hyman Co.*, 664 F.2d 943, 944 (5th Cir. 1981)(holding that by failing to object to removal and proceeding with discovery, plaintiff waived right to seek remand on basis of procedural irregularity).

In this case, although plaintiffs have participated in proceedings in this Court by requesting leave to file an amended petition, plaintiffs have also filed a timely motion to remand and strenuously objected to defendant's removal of this action. In these circumstances, the Court finds that plaintiffs have not waived their right to seek remand.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of plaintiffs, Mr. and Mrs. Adam Thomas, et al., to remand this action is **GRANTED** and, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Orleans Parish Civil District Court.

New Orleans, Louisiana, November ___4___, 2003.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**